UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUBI X. MEHMETI,

                Plaintiff,

-against-

AMBROSE WATER WOTORSON;
STEWART LEE KARLIN,

                Defendants.

20-CV-5352 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, United States District Judge:

        Plaintiff, appearing pro se, brings this action invoking the Court's diversity and federal question jurisdiction, 28 U.S.C. §§ 1331, 1332.[1] For the reasons set forth in this Order, the Court dismisses the action for lack of subject matter jurisdiction.

### STANDARD OF REVIEW

        The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, Fitzgerald v. First E. Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss a frivolous appeal)), or that the Court lacks subject matter jurisdiction, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

---

[1]     Plaintiff paid the $400.00 in filing and administrative fees to bring this action.

BACKGROUND

On November 28, 2012, Subi Mehmeti filed suit against Jofaz Transportation, Inc. ("Jofaz") in the United States District Court for the Eastern District of New York, asserting claims under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 to 2654. See Mehmeti v. Jofaz Transportation, Inc., No. 12-CV-5880 (ILG) (JO) (E.D.N.Y.). Mehmeti alleged in that action that he had worked for Jofaz as a bus driver until he was fired on October 3, 2012, after he parked the bus in an unauthorized location because he needed to go to the hospital. Attorney Ambrose Water Wotorson represented Mehmeti in his suit against Jofaz, and attorney Stewart Lee Karlin later substituted in for Wotorson.

On May 22, 2015, the District Court in Mehmeti v. Jofaz granted Jofaz's motion for summary judgment, noting that the undisputed evidence showed that Jofaz did not fire Mehmeti "after he took a 'leave of absence,'" but instead fired him upon discovering that "he left the bus in an unauthorized location" during a break between bus runs. The Second Circuit affirmed the order granting summary judgment in favor of Jofaz. See Mehmeti v. Jofaz Transportation, Inc., 649 F. App'x. 112 (2d Cir. June 13, 2016).

Plaintiff then continued to file new actions and appeals arising from the 2012 termination of his employment with Jofaz. See, e.g., Memorandum and Order, Mehmeti v. Jofaz Transportation, Inc., No. 19-CV-4692 (WFK) (LB) (E.D.N.Y. Aug. 22, 2019) (ECF No. 15) (noting that plaintiff's claims had been "previously raised in at least four prior actions").

In this action, Plaintiff sues attorneys Wotorson and Karlin, who represented him in his first action against Jofaz. Plaintiff alleges the following:

> I have facts, evidence, on the crime committed by the Lawyers in Case Judgment file 12-cv-05880 (ILG) (NO) I will present these completed to the Court very soon.

2

> a) Lawyers disappear all records from the trial file "Eligible Employee"[ ] - 29 U.S. Code §[ ] 2611(2)(A)(i)(ii)
>
> b) Lawyers disappear all records from the trial file "employer" - 29 U.S. Code §[ ] 2611(4) Employer (A)(i)
>
> c) Lawyers disappear all records from the trial file. "Serious Health Condition" - 29 U.S.C. § 2611 (11); 29 U.S.C. § 2612(a)(1)(D) (incapacitation), which makes the employee unable to perform the functions of the employee's job. . . .
>
> d) Lawyers disappear all records from the trial file, issues for relief in the trial based on Federal Laws . . .
>
> e) Lawyers disappear all records from the trial file 29 CFR 825.220-(a)(1)(2)(3) (i)(ii)(iii)(b)(c)(d)(e)

(Compl. at ECF pages 6-7.)

Plaintiff further contends that "as a victim of this crime committed against [him] by lawyers," he has been unable to work for the past eight years. (Id. at 7.) He asks "the Court to investigate and try" these "crimes committed in the Eastern District Court of New York." (Id.)

DISCUSSION

The subject matter jurisdiction of the federal district courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction[.]" Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983); Ruhrgas AG, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own

initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Bay Shore Union Free Sch. Dist. v. Kain, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690 (2006)). To determine whether a case arises under federal law, the court must analyze "whether—on its face—the complaint is drawn so as to seek recovery under federal law or the Constitution." Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1189 (2d Cir. 1996). "[I]f it should appear that the plaintiff was not really relying upon [a federal statute] for his alleged rights, . . . the suit would not really and substantially involve a controversy within the jurisdiction of the court." Id. at 1188 (quoting Fair v. Kohler Die and Specialty Co., 228 U.S. 22, 25 (1913)).

Here, although Plaintiff's complaint refers to the FMLA, Plaintiff does not allege violations of or seek recovery under that Act. Instead, Plaintiff alleges that the two attorneys named as defendants in this action caused documents to disappear from his court file and committed crimes in the course of their representation of him as his attorneys. Because Plaintiff's claims that the attorneys engaged in criminal activity do not arise under federal law or the Constitution, federal question jurisdiction does not lie over this action. See Brady v. Goldman, 714 F. App'x 63, 64 (2d Cir. Mar. 1, 2018) (affirming dismissal for lack of subject matter jurisdiction of action in which a plaintiff sued the lawyers and law firms that had represented his adversaries in prior state court litigation, where plaintiff's complaint "fail[ed] to

4

allege any facts to support a federal constitutional claim against the defendants, all of whom are private lawyers and law firms"), cert. denied, 139 S. Ct. 329 (2018).

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that "diversity of citizenship among the parties is complete," i.e., that "there is no plaintiff and no defendant who are citizens of the same State." Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the matter in controversy exceeds the sum or value of $75,000.00, the statutory jurisdictional amount. Colavito v. N.Y. Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006); 28 U.S.C. § 1332(a). Plaintiff alleges in the complaint that he and both Defendants are citizens of the State of New York. (Compl. at ECF pages 2-4.) Because Plaintiff alleges that the parties are citizens of the same state, the Court cannot exercise diversity jurisdiction of this matter.

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where amendment would be futile. See Hill v. Curcione, 657 F.3d 116, 123-24 (2d Cir. 2011); see also Jaser v. New York Prop. Ins. Underwriting Ass'n, 815 F.2d 240, 243 (2d Cir. 1987) (holding that a district court generally should allow a plaintiff "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship.").

Here, the defects in Plaintiff's complaint cannot be cured with an amendment. According to Plaintiff, all parties are citizens of New York, and thus there is no defendant against whom he could proceed. Moreover, it is futile to allow Plaintiff to replead his claims that Defendants committed criminal activity. See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or

5

nonprosecution of another."); see also Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 768 (2005) (holding that an individual generally does not have an interest protected by the Due Process Clause in having "someone else arrested for a crime"). The Court therefore declines to grant Plaintiff leave to amend his complaint to attempt to establish subject matter jurisdiction because it would be futile to do so.

CONCLUSION

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). The Clerk of Court is directed to enter judgment accordingly and close this case.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   New York, New York
         July 23, 2020

/s Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

6